UNITED STATES DISTRICT COURT   **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-2066-DMG (KSx)** | | Date | March 29, 2023 |
|---|---|---|---|---|

| Title | *Nya Prude v. Andre Nesbit* | | Page | 1 of 2 |
|---|---|---|---|---|

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  [IN CHAMBERS] ORDER REMANDING ACTION TO STATE COURT**

On March 20, 2023, Defendant[1] Andre Nesbit, proceeding *pro se*, removed this lawsuit from the Cook County Circuit Court in Illinois to this Court.  [Doc. # 1.]  Attached to the notice of removal are state court records from *Nya Prude v. Andre Nesbit*, Case No. 2014-D-679286, including a protection order dated September 26, 2022 and a judgment of allocation of parental responsibilities between Plaintiff and Defendant, issued June 3, 2016.  These documents state that the state court proceedings are parentage proceedings in the domestic relations division of the court.  *Id.* at 4, 9.[2]

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The defendant bears the burden of establishing federal jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682 (9th Cir. 2006).  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived."  *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

Defendant has not attached the case-initiating document for the state court proceedings but relies on the protection order and judgment noted above.  He asserts the case arises under both the Court's federal question and diversity jurisdiction.  [Doc. # 1 at 2.]

In support of the existence of this Court's federal question jurisdiction, Defendant cites 18 U.S.C. § 3524(d)(1), pertaining to witness protection and child custody arrangements of children of persons in witness protection.  That statute provides as follows:

With respect to any person provided protection under this chapter (A) who is the parent of a child who is relocated in connection with such protection and (B) who

---

[1] In the notice of removal, Andre Nesbit interchangeably describes himself as the plaintiff and the defendant in the state court action.  The state court proceedings indicate that he is the respondent and Nya Prude is the petitioner.  The Court refers to Nesbit as "Defendant" and Prude as "Plaintiff" in this Order.

[2] Citations to the record are to the CM/ECF pagination.

UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 23-2066-DMG (KSx)** | Date | March 29, 2023 |
|---|---|---|---|

| Title | *Nya Prude v. Andre Nesbit* | Page | 2 of 2 |
|---|---|---|---|

has obligations to another parent of that child with respect to custody or visitation of that child under a court order, an action to modify that court order may be brought by any party to the court order in the District Court for the District of Columbia or in the district court for the district in which the child's parent resides who has not been relocated in connection with such protection.

Defendant asserts that he is such a "protected person" within the meaning of the statute and that he has obligations to Plaintiff, the child's mother. [Doc. # 1 at 2.] He fails to explain, however, how the pleadings in the state court proceedings contain any allegations arising under 18 U.S.C. § 3524(d)(1). His allegation in the notice of removal, liberally construed, appears to be that he could petition in this Court for modification of an unspecified order of the state court. But even if Defendant showed that § 3524(d)(1) is implicated here,[3] the federal issue must be disclosed on the face of the plaintiff's properly pleaded complaint in the state court proceedings, "unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Defendant's arguments in the notice of removal are not an adequate basis for federal question jurisdiction.

Defendant also alleges that the case arises under the Court's diversity jurisdiction because he "is a resident of the forum state of California," Plaintiff "is a resident of the forum state of Illinois," and "the value of this case is over 75,000." *Id.* at 3. His conclusory, otherwise unsupported statement about the amount in controversy is inadequate to support removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Moreover, the Court cannot exercise subject matter jurisdiction over a parentage, child custody, or child support proceeding due to the "domestic relations" exception to diversity jurisdiction. *See, e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 691–92 (1992).

For these reasons, the Court *sua sponte* **REMANDS** this action to the Circuit Court in Cook County, Illinois for lack of subject matter jurisdiction. All pending motions are **DENIED** as moot. [Doc. ## 2, 3, 9, 12.][4]

**IT IS SO ORDERED**.

---

[3] Section 3524(d)(1) requires that the child was relocated in connection with such protection, but Defendant includes no explanation of how this requirement has been satisfied.

[4] Defendant has filed an "emergency motion for TRO," among other motions. [*See* Doc. # 12.] Because the Court lacks subject matter jurisdiction, the Court cannot grant emergency injunctive relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (preliminary injunctive relief requires a showing of likelihood of success on the merits); *Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (the same standard applies to a TRO).